1  Ali M.M. Mojdehi, State Bar No. 123846
   Janet D. Gertz, State Bar No. 231172
2  Rayla D. Boyd, State Bar No. 256788
   **Baker & McKenzie LLP**
3  12544 High Bluff Drive, Third Floor
   San Diego, CA 92130-3051
4  Telephone: +1 858 523 6200

5  Counsel for Debtor
   Asyst Technologies, Inc.,
6  a California corporation

7

8 UNITED STATES BANKRUPTCY COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 OAKLAND DIVISION

| | |
|---|---|
| 11 In re | Case No. 09-43246 |
| 12 ASYST TECHNOLOGIES, INC., a California corporation, | Chapter 11 |
| 13 | **DEBTOR'S MOTION PURSUANT TO SECTIONS 105(a), 363(b), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO PAY, REMIT OR REIMBURSE WAGE OBLIGATIONS, GARNISHMENT OBLIGATIONS AND BENEFIT OBLIGATIONS;** |
| 14 Debtor. | |
| 15 | |
| 16 | |
| 17 | |
| 18 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 19 | |
| 20 | Date: TBD<br>Time: TBD<br>Place: U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |
| 21 | |
| 22 | Judge: Chief Judge Randall J. Newsome |
| 23 | Courtroom: 220 |
| 24 | |

25 TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

26   Asyst Technologies, Inc., a California Corporation, the debtor and debtor in possession in the

27 above-captioned case (the "Debtor in Possession" or "Asyst"), hereby moves this Court pursuant to

28 sections 105(a), 363(b), and 541 of chapter 11 of title 11 of the United States Code (the "Bankruptcy

1

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700385.3

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 1 of 11

Code") authorizing the Debtor in Possession to pay, remit or reimburse certain pre-petition Wage Obligations, Garnishment Obligations and Benefit Obligations (each as defined below) (the "Motion").

This Motion is supported by (i) the Memorandum of Points and Authorities set out herein; (ii) the Declaration of Paula C. LuPriore (the "LuPriore Employee Decl."), filed concurrently herewith; and (iii) the Declaration of Paula C. LuPriore in Support of First-Day Motions (the "1st LuPriore Decl."), on file with the Court [Docket Entry 13].

## I. BACKGROUND

1. On April 20, 2009 (the "Petition Date"), the Debtor in Possession filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code[1]. Since the Petition Date, the Debtor in Possession has continued in the possession of its properties and is managing its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtor in Possession filed this case in order to provide the Debtor in Possession with the protection of the Bankruptcy Code to enable it to preserve the intrinsic value of the Debtor in Possession, to facilitate an orderly sale of its assets, and to maximize the value of those assets for the benefit of the economic stakeholders of the bankruptcy estate.

2. The Debtor in Possession was incorporated as a California corporation in 1984 and is a leading provider of integrated automation solutions that enhance semiconductor and flat panel display manufacturing productivity. [1st LuPriore Decl. ¶¶ 9-11.] Additional information concerning the Debtor in Possession, its operations, turnaround efforts, and the commencement of this case, can be found in the 1st LuPriore Decl. [Docket Entry 13]. To reduce operating expenses and conserve cash during these bankruptcy proceedings, prior to the Petition Date the Debtor in Possession reduced staff level to what the Debtor in Possession believed necessary to continue minimal business operations and to support the ongoing sale process. Specifically, the Debtor in Possession only retained those persons necessary to (i) effectuate the administration of the Chapter 11 proceeding; (ii) provide essential customer support services; (iii) maintain the critical day-to-day operations of the Company, such as the key management, and those supporting the finance,

---

[1] The "Bankruptcy Code" as referred to herein, means 11 U.S.C. § 101 et seq.

2

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700385.3

Case: 09-43246    Doc# 216    Filed: 06/30/09    Entered: 06/30/09 13:14:49    Page 2 of 11

accounting, and reporting functions, and (iv) support the ongoing restructuring and sale process (collectively, the "Retained Employees"). All other employees were terminated prior to the Petition Date (the "Former Employees"). *See* 1st LuPriore Decl. ¶48; LuPriore Employee Decl. ¶5.

3. KeyBank National Association is an agent (the "Agent") for the Debtor in Possession's prepetition lenders (each a "Lender", and collectively, the "Lenders"). The Debtor is indebted to the Lenders by not less than $77 Million, which debt is secured by a continuing perfected lien upon all of the Debtor in Possession's assets. *See* 1st LuPriore Decl. ¶28. The Agent, on behalf of the Lenders, has stipulated to the Debtor in Possession's continued use of its assets, including cash collateral, pursuant to the terms of the *Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 503 And 507, And Bankruptcy Rule 4001; (I) Authorizing Debtor To Use Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate Protection; And (IV) Modifying Automatic Stay* (the "Final Cash Collateral Order"), including the terms of the Budget, as defined in and attached as Exhibit "A" to the Final Cash Collateral Order. The amounts the Debtor seeks to pay pursuant to the Motion are included in the Budget. *See* LuPriore Employee Decl. ¶14.

**A. Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**B. Relief Requested**

5. The Debtor in Possession seeks authorization, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, to pay Retained Employees wages incurred but not paid for work preformed prepetition and to reimburse Retained Employees for business expenses incurred pre-petition on behalf of the Debtor in Possession (collectively, the "Wage Obligations"), in the approximate amount of $13,655.44. The Debtor in Possession also seeks authority to honor other prepetition employee-related obligations to pay, remit or reimburse (i) amounts garnished from employees' paychecks (the "Garnishment Obligations") in the approximate amount of $535.00 and (ii) amounts deducted from employees' paychecks for various health, welfare, and similar benefit programs (the "Benefit Obligations"), in the approximate amount of $50,672.16. The Debtor in

3

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/700385.3

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Case: 09-43246    Doc# 216    Filed: 06/30/09    Entered: 06/30/09 13:14:49    Page 3 of 11

Possession seeks this authority to maintain the morale of the essential workforce and to minimize the personal hardship that the Retained Employees would suffer if they are not paid the Wage Obligations, and to pay, remit or reimburse amounts held by the Debtor in Possession that do not form part of the Debtor in Possession's estate. Attached hereto as **Exhibit "A"** is a summary of the Wage Obligations, Garnishment Obligations, and Benefit Obligations.

## II. OBLIGATIONS

### A. Wage Obligations - $13,655.44

#### 1. Compensation

6. Prior to the Petition Date and in the ordinary course of business, the Debtor in Possession typically paid obligations relating to wages, salary, and compensation for its employees on a bi-weekly basis, through direct deposits into employees' accounts or by issuing a manual check. *See* LuPriore Employee Decl. ¶6. Prior to the Petition Date, three (3) Retained Employees who receive compensation by manual check rather than by direct deposit had their paychecks dishonored post-petition or did not deposit their paycheck prior to the Petition Date. *Id.* The Debtor in Possession has calculated that approximately $8,665.18 in pre-petition paychecks issued to these three Retained Employees were either dishonored or not cashed. *Id.* The Debtor in Possession seeks authority to reissue paychecks in the amount of $8,665.18 to pay the pre-petition compensation of the three Retained Employees.

#### 2. Expense Reimbursement

7. The Debtor in Possession customarily reimburses its employees for a variety of approved, business related expenses incurred in the ordinary course of their employment. *See* LuPriore Employee Decl. ¶7. For reimbursement, employees are required to submit expense reports and supporting documentation and only approved expenses are reimbursed. *Id.* As of the Petition Date, four (4) Retained Employees had submitted expense reports seeking reimbursement of approved expenses in the amount of $4,990.26. *Id.* The Debtor in Possession seeks authorization to satisfy pre-petition reimbursable expenses for these four Retained Employees.

8. The outstanding Wage Obligations with respect to each Retained Employee for the period prior to the Petition Date do not exceed the $10,950 cap under section 507(a)(4) of the

4

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

SDODMS1/700385.8

Case: 09-43246  Doc# 216  Filed: 06/30/09  Entered: 06/30/09 13:14:49  Page 4 of 11

Bankruptcy Code. *Id.* ¶8. . None of Wage Obligations are owed to Retained Employees that are insiders of the Company as defined under section 101(31)(B) the Bankruptcy Code. *Id.* The Agent has advised the Debtor in Possession that it does not oppose payment of the Wage Obligations. *Id.* ¶14.

**B.     Garnishment Obligations –$535.00**

9.     In the ordinary course of processing payroll checks for employees, the Debtor in Possession withholds certain amounts for various garnishments levied against employee wages by third parties, such as tax levies, child support, and other court-ordered garnishments (the "Garnishments"). LuPriore Employee Decl. ¶9. As of the Petition Date, the Debtor in Possession had $535.00 it had withheld from employee paychecks on account of Garnishments. *Id.* The Debtor in Possession seeks authority to issue checks in the amount of $535.00 for the Garnishment Obligations. The third party recipients entitled to the Garnishment Obligations are:

- Franchise Tax Board                $  60.00
- EdFund – Accounts receivable       $245.00
- Pioneer Credit Recovery            $230.00

*Id.* The Agent has advised the Debtor in Possession that it does not oppose payment of the Wage Obligations. *Id.* ¶10

**C.     Benefit Obligations –$50,672.16**

10.     During each pay period, the Debtor in Possession makes deductions from employees' paychecks for contributions to benefit plans for medical, dental, and vision coverage, life insurance, and other similar benefit programs (collectively, the "Benefit Programs"). *See* LuPriore Employee Decl. ¶10. The Benefit Programs are subsidized by the Debtor in Possession, with part of the premiums for the Benefit Programs paid by the Debtor in Possession and part paid by employees. *Id.* Pre-petition, the Debtor in Possession withheld from employees' paychecks the employee portion of the premiums for the Benefit Programs and remitted the premiums to the appropriate third party benefit provider on a monthly basis. *Id.* From the pre-petition payroll periods ended April 6, 2009 and April 20, 2009, the Debtor in Possession deducted Benefit Obligations from employee paychecks in the approximate amount of $40,672.16. *Id.* The Debtor in Possession seeks authority

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700385.3

5

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 5 of 11

to remit the amount it withheld from employees' paychecks for Benefit Obligations to third party recipients as follows:

- Kaiser Foundation Health Plan     $ 5,068.02
- Aetna Life Insurance     $ 26.24
- Anthem Blue Cross (medical)     $26,460.54
- Anthem Blue Cross (dental)     $ 3,992.76
- Vision Service Plan     $ 746.70
- Lincoln National Life Insur. Co.     $ 2,839.34
- Club Sport     $ 874.00
- Hyatt Legal Plans Inc.     $ 664.56

Total: $40,672.16

11. In the ordinary course of business, the Debtor in Possession also established Flexible Spending Programs ("FSPs") for its employees. *See* LuPriore Employee Decl. ¶11. Employees are each entitled to contribute up to $5,000 per year of pre-tax income through payroll deductions to be used for out-of-pocket medical, dental, or vision expenses, and up to $5,000 per year for child-care or elder-care expenses. *Id.* Employees designate the entire amount they will contribute to their FSP at the beginning of the plan year, and contributions are deducted on a pro-rata basis from their bi-weekly paycheck throughout the plan year ("FSP Contributions"). *Id.* The current plan year commenced April 1, 2009. *Id.*

12. The Debtor in Possession deducted $10,771.26 from employee wages and salaries for FSP Contributions from its April 6 and April 20, 2009 payroll. *See* LuPriore Employee Decl. ¶12. Because of the manner in which expenses are incurred and claims are processed under the FSPs, it is difficult for the Debtor in Possession to determine the total accrued obligations under the FSPs outstanding at any particular time, or to determine the amount that may be claimed under the FSPs for pre-petition accrued obligations. Nevertheless, the Debtor in Possession estimates that eligible unpaid FSP expenses that accrued pre-petition will not exceed $10,000.00. *Id.*

13. The Debtor in Possession seeks authority to reimburse eligible unpaid FSP expenses that accrued pre-petition, up to a maximum amount of $10,000.00. The Agent has advised the Debtor in Possession that it does not object to the reimbursement of eligible unpaid FSP expenses up to a maximum amount of $10,000.00. *Id.* ¶14.

6

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700385.8

Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 6 of 11

### D. **Total Employee Obligations**

14. Based upon the foregoing, the Debtor in Possession believes that the aggregate amount of all outstanding Wage Obligations, Garnishment Obligations, and Benefit Obligations is approximately $64,862.60.

### III. CAUSE EXISTS TO AUTHORIZE THE PAYMENT OF THE DEBTORS' PREPETITION EMPLOYEE OBLIGATIONS

15. Pursuant to sections 507(a)(4)(A) of the Bankruptcy Code, claims of employees of a debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before a petition is filed, are afforded priority unsecured status to the extent of $10,950 per employee. Furthermore, section 363(b)(l) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l). Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

16. The Debtor in Possession believes that the Wage Obligations constitute priority claims under section 507(a)(4) of the Bankruptcy Code, and that the Garnishment Obligations and Benefit Obligations constitute trust claims under section 541(b)(7) or 541(d) of the Bankruptcy Code. As priority claims, the Wage Obligations must be paid in full before any general unsecured obligations of the Debtor in Possession may be satisfied. As trust property, the Garnishment Obligations and the Benefit Obligations do not represent property of the estate. The Agent does not object to the payment of the Wage Obligations, the Garnishment Obligations, or the eligible unpaid FSP expenses up to $10,000.00. Accordingly, the relief requested will not prejudice the rights of general unsecured creditors or other parties in interest.

7

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700385.3

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 7 of 11

### 1. Obligations are Necessary

17. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, section 363(b)(l) of the Bankruptcy Code provides "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l).

18. A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Courts have recognized the applicability of the "necessity of payment" doctrine with respect to the payment of prepetition employee compensation and benefits. *See, e.g., In re CoServ, L.L.C.,* 273 B.R. 487, 494 (Bankr. N.D. Tex. 2002) (noting that "wage claims typically are payable out of necessity as well as by virtue of their priority"); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.),* 80 B.R. 279, 285-86 (S.D.N.Y. 1987), *appeal dismissed* 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of pre-petition wages, salaries, expenses, and benefits). The Ninth Circuit has recognized and approved of the necessity of payment doctrine. *Burchinal v. Central Wash. Bank (In re Adams Apple, Inc.),* 829 F.2d 1484, 1488 (9th Cir. 1987). The Debtor submits that application of the "necessity of payment" doctrine is wholly warranted in this case.

19. In this case, any further delay or failure to pay wages and salaries or reimburse business expenses would irreparably impair the Retained Employees' morale, dedication, confidence, and cooperation, and would adversely impact the Debtor in Possession's relationship with its Retained Employees at a time when the Retained Employees' support is critical to Debtor's chapter 11 case. *See* LuPriore Employee Decl. ¶13. Here, the Debtor in Possession simply cannot risk the substantial damage to its business that would inevitably attend a rapid decline in its Retained Employees' morale. The Debtor in Possession has reduced its workforce such that the continued support of each Retained Employee is critical to the current operational success of the Debtor in Possession's business as it strives to complete the sale process currently underway. *Id.*

8

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS
Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 8 of 11

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200
SDODMS1/700385.3

8

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS
Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 8 of 11

20. Absent an order granting the relief requested herein, the Retained Employees may suffer undue hardship or serious financial difficulties. Compared to a typical claim in bankruptcy, wages represent a large part of an employee's wealth. Unlike an ordinary creditor, a typical employee does not have other sources of income and cannot diversify the risk of an employer's default. In addition, it would be inequitable to require the Debtor in Possession's Retained Employees to bear personally the cost of any business expenses they incurred prepetition for the benefit of the Debtor in Possession with the understanding that they would be reimbursed.

21. Payment of the Wage Obligations is in the best interests of the Debtor in Possession's estate, its creditors, and all parties in interest and will enable the Debtor in Possession to continue to operate its business as necessary to effectuate a sale in an economic and efficient manner without disruption. The Debtor in Possession's Retained Employees are central to its operations and the ongoing sale process. *See* LuPriore Employee Decl. ¶5, 13. A significant deterioration in employee morale at this critical time undoubtedly would have a devastating impact on the Debtor in Possession, its customers and vendors, the value of the Debtor in Possession's assets and business, and the Debtor in Possession's ability to effect a sale. The total amount sought to be paid herein is relatively modest compared with the size of the Debtor in Possession's overall businesses and the importance of the Retained Employees to the Debtor in Possession's chapter 11 case.

**2. Garnishment Obligations and Benefit Obligations Constitute Trust Claims**

22. Section 541(d) of the Bankruptcy Code excludes "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. § 541(d). It is well established under section 541(d) of the Bankruptcy Code that amounts collected by the debtor on behalf of third parties are not property of the estate. *See Bergier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes and withholding taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *Mitsui Manufactures Bank v. Unicom Computer Corp. (In re Unicom)*, 13 F.3d 321 (9th Cir, 1994) (stating that "something held in trust by a debtor for another is neither property of the bankruptcy estate under *section 541(d)*, nor property of the debtor for purposes of *section 547(b)*." (cites omitted)); *Cutter v. Seror (In re Cutter)*, 2008 Bankr. LEXIS 3848 (9th Cir. B.A.P. 2008) (same);

9

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700385.3

Case: 09-43246   Doc# 216   Filed: 06/30/09   Entered: 06/30/09 13:14:49   Page 9 of 11

*City of Farrell v. Sharon Steel Corp. (In re Sharon Steel),* 41 F.3d 92, 98-103 (3d Cir. 1994) (holding that funds withheld from employees' paychecks may be subject to a trust, and thus are not property of a debtor's estate, even where such funds are commingled with the debtor's other property).

23. Furthermore, under the 2005 amendments to the Bankruptcy Code, section 541(b)(7) was added, which section broadly excludes from "property of the estate" funds that an employer withholds from the wages or salaries of employees as contributions to defined types of employee welfare benefit plans. § 541(b)(7). "Employee welfare benefit plans," in turn, are broadly defined to include:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title

29 U.S.C. § 1002. As trust funds, the amounts withheld from employees for employee welfare benefit pans are not available for general distribution to a debtor's creditors.

24. Both the Garnishment Obligations and the Benefit Obligations represent amounts withheld from employees' earned wages and salary that, if not for the deduction, would have been remitted to the employee. *See* LuPriore Employee Decl. ¶9, 10, 11 and 12. The Debtor in Possession acts solely as a conduit to transfer the funds to the appropriate third party Garnishment issuer or benefit provider. *Id.* As such, the amounts withheld constitute funds held in trust for the intended recipient under either § 541(d) or § 541(b)(7), and do not represent property of the Debtor in Possession or its estate. The Debtor in Possession seeks an Order from the Court to remit the withheld amounts for Garnishments, to the third party benefit providers listed above,[2] and to reimburse eligible FSP expenses up to a maximum amount of $10,000.00 to avoid any argument that

---

[2] The Debtor in Possession seeks to remit only the employee portion of the benefit plan premiums at this time, and is not proposing to remit amounts for the employer portion of outstanding premiums. Any amount owing to the plan providers by the Debtor in Possession, as opposed to the employees, may not be subject to the same trust principles.

paid, remitted or reimbursed Benefit Obligations and Garnishment Obligations constituted property of the estate.

### IV. WAIVER OF BANKRUPTCY RULE 6004(H)

25. The Debtor in Possession seeks a waiver of the ten-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### V. NOTICE

26. Notice of this Motion has been provided to: (i) the United States Trustee for the Region 17; (ii) counsel for the Official Unsecured Creditors Committee; (iii) counsel to the Agent; (iv) the Lenders; and (v) all parties that have filed a request for special notice. The Debtor in Possession submits that no other or further notice need be provided.

### VI. NO PREVIOUS REQUEST

27. No previous request for the relief sought herein has been made to this or any other Court.

### VII. CONCLUSION

28. WHEREFORE, the Debtor in Possession respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit "B"**, authorizing but not requiring the Debtor in Possession to (i) pay the Wage Obligations; and (ii) remit the Garnishment Obligations and Benefit Obligations to the third party recipients listed herein; and (iii) reimburse employees upon receipt of an eligible unpaid FSP expense for claims that accrued pre-petition up to a maximum amount of $10,000.00.

Dated: June 30, 2009　　　　　　　　　　　BAKER & McKENZIE LLP

By: /s/ Rayla D. Boyd
　　Ali M.M. Mojdehi
　　Janet D. Gertz
　　Rayla D. Boyd
　　Counsel for Debtor
　　Asyst Technologies, Inc.

11

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/700569.8

CASE NO 09-43246
MOTION TO PAY EMPLOYEE OBLIGATIONS

Case: 09-43246　Doc# 216　Filed: 06/30/09　Entered: 06/30/09 13:14:49　Page 11 of 11