Aram Ordubegian (SBN 185142)
**ARENT FOX LLP**
555 W. Fifth Street, 48th Floor
Los Angeles, California 90013
Telephone:    213.629.7400
Facsimile:    213.629.7401
ordubegian.aram@arentfox.com

**Counsel for the Official Committee of Unsecured
Creditors for Asyst Technologies, Inc.**

# UNITED STATES BANKRUPTCY COURT

# NORTHER DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re | Case No.  09-43246 RJN |
| **ASYST TECHNOLOGIES, INC.,** | Chapter 11 |
| Debtor. | **SECOND INTERIM AND FINAL FEE APPLICATION AND CERTIFICATION OF ARENT FOX LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |
| | Date:    TBD<br>Time:    TBD<br>Dept:    220<br>Judge: Chief Judge Randall J. Newsome |

**TO THE HONORABLE CHIEF JUDGE RANDALL J. NEWSOME, THE OFFICE OF
THE UNITED STATES TRUSTEE, THE DEBTOR, AND THEIR RESPECTIVE
COUNSEL**:

Arent Fox LLP ("Arent Fox") hereby applies to this court for an Order (i) allowing, on an interim basis, the amounts described below that Arent Fox has incurred in connection with services rendered and expenses incurred as counsel for the Official Committee of Unsecured Creditors (the "Committee") for Asyst Technologies, Inc. (the "Debtor") for the period commencing August 1, 2009 through and including March 5, 2010 (the "Interim Fee Period") and (ii) allowing, on a final basis, the amounts described below that Arent Fox has incurred in

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1

UNITED STATES BAKRUPTCY COURT
NORTHER DISTRICT OF CALIFORNIA
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

connection with reserves rendered as counsel to the Committee for the period commencing April 28, 2009 through and including March 5, 2010 (the "Final Fee Period," together with the Interim Fee Period, the "Fee Period").

**Interim Fee Period:**

|  | Fees | Expenses | Total |
|---|---|---|---|
| Total to be Allowed | $188,721.00 | $2,084.30 | $190,805.40 |
| Amount Previously Paid | $0 | $0 | $0 |
| **Total to be Paid** | **$188,721.00** | **$2,084.30** | **$190,805.40** |
| Voluntary Reduction Amount |  |  | **$14,869.42** |

**Final Fee Period:**

|  | Fees | Expenses | Total |
|---|---|---|---|
| Total to be Allowed | $357,864.00 | $4,803.97 | $362,667.97 |
| Amount Previously Paid | $37,500.00 | $0 | $37,500.00 |
| **Total to be Paid** | **$320,364.00** | **$4,803.97** | **$325,167.97** |
| Voluntary Reduction Amount |  |  | **$50,354.81** |

Arent Fox voluntarily wrote off a total of $50,354.81 in fees and expenses over the course of the Fee Period in the exercise of independent billing judgment (*e.g.* over 12% of the total fees requested herein). In support of this Application, Arent Fox respectfully requests as follows:

## I.

## PRELIMINARY STATEMENT

1.      Arent Fox worked diligently to ensure that the Committee satisfied its fiduciary duties in this Chapter 11 case. The Committee was constrained by the limited estate resources

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

but, nonetheless, properly exercised its duty to protect the assets of the estate and the interest of the general unsecured creditor body. Indeed, as is described in detail herein, Arent Fox recommended and took direction from the Committee on numerous matters that all resulted in a benefit for those creditors and the estate as a whole. Specifically, without the advocacy of Arent Fox on behalf of the Committee, the Debtor and the Lender would have pushed through a plan of liquidation that would have left unsecured creditors with no recovery and no hope of recovery. Rather than let this happen, Arent Fox investigated and substantiated claims and causes of action against, *inter alia*, Shinko (defined below), the Debtor's current and former directors and officers as well as numerous potential causes of action arising under Chapter 5 of the Bankruptcy Code. Based on the actions taken by Arent Fox on behalf of the Committee, the Plan was modified to explicitly preserve these claims for unsecured creditors, which, when pursued by contingency counsel, will provide a potential return to unsecured creditors in a case that, by all accounts, was to have left unsecured creditors with no recovery. As a result, the fees and expenses requested herein are reasonable in light of the significant results obtained by Arent Fox on behalf of the Committee.

## II.

## **INTRODUCTION**

2.       Arent Fox submits this Application pursuant to 11 U.S.C. § 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of California and the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* promulgated by the Office of the United States Trustee for the Northern District of California (the "Guidelines").

### A.       **General Background**

3.       The Debtor was engaged in providing integrated automation solutions that enhance semiconductor and flat panel display manufacturing productivity, and it served as a key supplier to leading global semiconductor manufacturers. As this Court is aware and discussed herein, the Debtor has sold substantially all of its assets and is in the process of winding down its affairs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

4.      Prior to commencing this chapter 11 case, on July 27, 2007, the Debtor and certain affiliates entered into a Credit Agreement with the Lenders (as defined in the Credit Agreement) (the "Credit Agreement").  Pursuant to the Credit Agreement, a $137.5 million multi-currency senior secured credit facility consisting of an $85 million term loan and a $52.5 million revolving line of credit was created.  In consideration, the Lenders were granted first-priority security interest in and lien on substantially all of the Debtor's assets.

5.      The Debtor allegedly breached certain covenants contained in the Credit Agreement and, on April 7, 2009, the Lenders issued a notice to the Debtor asserting that certain Events of Default (as defined in the Credit Agreement) had occurred.

6.      On April 20, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed.

**B.      The Appointment of the Committee and Retention of Arent Fox**

7.      On April 28, 2009, the Office of the United States Trustee for the Northern District of California appointed the Committee pursuant to Sections 1102(a) and 1102(b) of the Bankruptcy Code to represent the interests of general unsecured creditors in these cases. Thereafter, at a meeting during which the majority of the Committee members participated, the Committee selected and formally voted to retain Arent Fox, subject to the approval of the Court. By order dated July 23, 2009, this Court approved and authorized the retention of Arent Fox as counsel to the Committee effective as of April 28, 2009 [Docket No. 253].

8.      During the Fee Period, the Committee has fulfilled its statutory and fiduciary duties, including those obligations set forth in Bankruptcy Code section 1103.  Throughout this proceeding, Arent Fox has assisted the Committee in fulfilling its obligation to protect the interests of the unsecured creditors and to preserve estate assets.  Arent Fox provided services to the Committee in accordance with the instructions and directions of the Committee.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OF CALIFORNIA, OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

## C. Arent Fox's Background and Qualifications

9. Arent Fox is a law firm employing approximately 325 lawyers. Arent Fox includes a financial restructuring and bankruptcy group with extensive and diverse experience in the areas of bankruptcy, insolvency, and debtor and creditor rights. Arent Fox's bankruptcy attorneys often represent creditors' committees in a case such as this.

10. The Arent Fox attorneys who were primarily responsible for providing services to the Committee were Mette Kurth, Aram Ordubegian and Jeffrey Rothleder. Mr. Rothleder, a senior associate, provided the majority of the services on behalf of the Committee with supervision by Ms. Kurth and Mr. Ordubegian and assistance from Andrea Campbell, a junior associate, and Lisa Indelicato, a paraprofessional and bankruptcy specialist. Other Arent Fox attorneys rendered limited services on discreet matters requiring their particular expertise or when the principal attorneys were unavailable. For example, Carol Connor Cohen, an experienced litigator, investigated potential claims and causes of action against third-parties that could result in enhanced recovery to the unsecured creditors. The background and qualifications of all Arent Fox attorneys and paralegals who rendered services to the Committee in connection with this Chapter 11 case are summarized in the professional biographies attached as Exhibit D.

11. The rates charged by Arent Fox professionals are comparable to those charged by other experienced and skillful professionals with bankruptcy and non-bankruptcy practices in the Northern District of California. The blended hourly rate charged by Arent Fox for professional services during the Fee Period is $486.89.[1]

12. To provide effective, efficient representation to the Committee, Arent Fox allocated responsibilities among attorneys based upon each individual's comparative expertise and knowledge of particular aspects of these cases and allocated work to attorneys with lower hourly rates whenever practical. It is respectfully submitted that the services of Arent Fox have

---

[1] The blended hourly rate results from Arent Fox's decision, at the request of the Committee, to utilize senior attorneys to perform discrete and focused tasks at the request of the Committee as opposed to junior associates to perform a wider range of tasks. As a result, the blended hourly rate increased from that anticipated by Arent Fox at the commencement of this case.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

1  been beneficial to the Committee, this estate and general unsecured creditors.  As a result of the

2  broad range and years of experience of Arent Fox's bankruptcy attorneys, Arent Fox's services

3  were rendered in an expeditious and efficient manner.

4  **D.  Current Procedural Posture of Case**

5  13.  The Debtor sold substantially all of its operations and wound down its affairs

6  during the course of this Chapter 11 case.  As a result, the Debtor filed the Plan (defined below),

7  which was confirmed by the Court on February 3, 2010 with the Court entering an order on

8  February 18, 2010 [Docket No. 555] (the "Confirmation Order").  The Effective Date of the Plan

9  was March 5, 2010 (the "Effective Date").  The current cash position of the Debtor and the

10  liquidating trust created by the Plan as well as the accrued professional fees are unknown at this

11  time.

12  14.  Consequently, and in accordance with the provisions of the Plan and the

13  Confirmation Order, Arent Fox files this Application seeking interim allowance of the fees and

14  expenses incurred in the Interim Fee Period and final allowance of all fees and expenses incurred

15  by Arent Fox in connection with its representation of the Committee in this Chapter 11 case.

16  **III.**

17  **COMPENSATION REQUESTED**

18  15.  Arent Fox has been mindful of the budgetary constraints placed upon the

19  Committee's professionals in this Chapter 11 case.  Arent Fox worked to efficiently handle all

20  necessary matters to effectively represent the Committee and, through this Application, Arent Fox

21  requests that the Court enter an Order allowing (i) interim compensation to Arent Fox of

22  $**190,805.40**, representing $**188,721.10** in services and $**2,084.30** in expenses incurred during the

23  Interim Fee Period and (ii) final compensation to Arent Fox of **$362,667.90** representing

24  **$357,864.00** in services and **$4,803.97** in expenses incurred during the Final Fee Period.

25  16.  On June 19, 2009, Arent Fox submitted its first monthly fee statement for the

26  period of April 28, 2009 through May 31, 2009, requesting monthly allowance of $91,692.90 in

27  compensation and $1,235.37 in reimbursement of expenses.  On August 20, 2009, Arent Fox

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

- 6 –

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
INFLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Case: 09-43246   Doc# 571   Filed: 04/01/10   Entered: 04/01/10 16:17:32   Page 6 of 26

submitted its second and third monthly fee statement for the period of June 1, 2009 through July 31, 2009, requesting monthly allowance of $77,450.00 in compensation and $2,308.50 in reimbursement of expenses. On September 28, 2009, Arent Fox submitted its fourth monthly fee statement for the period of August 1, 2009 through August 31, 2009, requesting monthly allowance of $58,406.00 in compensation and $329.71 in reimbursement of expenses. On October 20, 2009, Arent Fox submitted its fifth monthly fee statement for the period of September 1, 2009 through September 30, 2009, requesting monthly allowance of $24,457 in compensation and $313.96 in reimbursement of expenses. On December 1, 2009, Arent Fox submitted its sixth monthly fee statement for the period of October 1, 2009 through October 31, 2009, requesting monthly allowance of $17,809.00 in compensation and $125.95 in reimbursement of expenses. On December 21, 2009, Arent Fox submitted its seventh fee statement for the period of November 1, 2009 through November 30, 2009, requesting monthly allowance of $13,385.00 in compensation and $207.60 in reimbursement of expenses. On February 1, 2010, Arent Fox submitted its eighth monthly fee statement for the period of December 1, 2009 through December 31, 2009, requesting monthly allowance of $21,271.68 in compensation and $862.36 in reimbursement of expenses.

17. This is Arent Fox's second interim and final fee application for allowance of compensation and reimbursement of expenses submitted to the Court. On September 16, 2009, Arent Fox filed its first interim fee application seeking allowance of payment of $171,682.57, representing $169,142.90 in services rendered and $2,719.67 in expenses incurred during the first interim fee period.[2] On December 18, 2009, after a hearing, the Court entered an order allowing Arent Fox compensation and reimbursement of expenses in such amount and authorizing the Debtor to pay, at this time, $37,500 to Arent Fox for services rendered to the Committee [Docket No. 509]. At the time of this Application, Arent Fox has received $37,500 from the Debtors for its services as counsel to the Committee.

---

[2] On certain monthly statements served by Arent Fox, in addition to other write-offs, Arent Fox voluntarily reduced the total amount sought by 10% but Arent Fox reserved the right to seek payment of the full amount at a later time. By this Application, Arent Fox is seeking payment of the full amount of fees and expenses inclusive of the 10% reduction previously given.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

18.     Arent Fox has not received or been promised compensation for the services that it rendered or the expenses that it incurred in this case except as set forth above. Furthermore, neither Arent Fox nor any member of Arent Fox has any agreement or understanding of any kind to divide, pay over, or share any portion of the fees to be awarded to Arent Fox with any other attorney except as among members and associates at Arent Fox.

# IV.

# **SUMMARY OF EXHIBITS**

19.     In support of this Application, as required under the Trustee's guidelines, Arent Fox hereby submits Exhibits A through D.

20.     Exhibit A is a complete, chronological, line-item listing – sorted by activity category – of the services that Arent Fox rendered during the Fee Period. Exhibit A includes the name of the professional who rendered the services, the date the services were rendered, the hours spent rendering the service, the total billed for the service, and a detailed description of the services. Exhibit A also includes a summary, by month and by activity category, of the services that Arent Fox rendered during the Fee Period.

21.     Exhibit B is a summary of fees by professional and by category. This summary sets forth the total fees incurred by each timekeeper that worked on these cases and sets forth each professional's hourly rate and the total amount billed by the professional throughout the duration of this case, and also summarizes the total number of hours worked and fees earned per task category.

22.     Exhibit C summarizes the total reimbursable expenses that Arent Fox incurred throughout this case.

23.     Exhibit D is a compilation of the professional biographies of each attorney that worked on the case that includes the professional education of each attorney and paraprofessional, the year of graduation, year admitted to practice and relevant and specialized experience in bankruptcy matters, where applicable.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

- 8 –

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
INGLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Case: 09-43246    Doc# 571    Filed: 04/01/10    Entered: 04/01/10 16:17:32    Page 8 of 26

24.     During the Fee Period, Arent Fox engaged in an extensive investigation of potential claims and causes of action that could be brought to enhance recoveries and distributions to unsecured creditors as well as sought to protect the interests of unsecured creditors as the Debtor completed its sale of assets.  Arent Fox also advised the Committee on a regular basis with respect to numerous legal matters in connection with the sale and wind down of the Debtor's business and with respect to all other matters arising in the performance of their duties as Committee members.  In addition, Arent Fox reviewed the numerous motions and pleadings filed by the Debtor, including the Plan and Disclosure Statement, advised the Committee in connection therewith, negotiated with respect to the terms thereof, and have performed all reasonable and necessary professional services.

25.     Throughout this case, Arent Fox worked with the Committee, the Debtor, and various other creditors and other parties in interest, to ensure proper, efficient, and cost effective representation of the Committee, balanced against the need to obtain specific relief and an ultimate resolution that will ensure the maximum recovery to unsecured creditors.  It is for these efforts that Arent Fox seeks allowance for compensation.  In particular, Arent Fox worked diligently to investigate potential claims and causes of action, such as fraudulent transfer claims and breach of fiduciary duty claims against the Debtor's current and former directors and officers to maximize the benefit to the Debtor's estates and to limit administrative expenses.  Indeed, given the constraints inherent in every Chapter 11 case, Arent Fox worked diligently and efficiently to ensure that the rights of unsecured creditors were not sacrificed or trampled by the Debtor's haste to sell its assets, the Lenders' domination of the Debtor's decision-making process and the rush to conclude this Chapter 11 case.  As a result of Arent Fox's efforts on behalf of the Committee, the Debtor acknowledged that significant estate claims exist, preserved the existing directors and officers liability insurance policy and maintained valuable estate causes of action for the benefit of the creditors through its confirmed Plan.  Consequently, Arent Fox believes that the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

results obtained in this Chapter 11 case support the entry of an Order approving the fees and expenses requested in this Application.

26.     Describing in detail all of the many services that Arent Fox provided to the Committee would be extremely time consuming.  Accordingly, this section summarizes, by activity category, the more significant services that Arent Fox provided to the estates.  Because Arent Fox categorizes its services in numbered categories that are similar to those recommended in the Trustee's Guide, the discussions in this Section are organized by category.[3]

27.     The primary services rendered by Arent Fox during the Fee Period are grouped in the categories set forth below.

**A.     Case Management and Operating Reports – 00002**

28.     During the pendency of this case, Arent Fox attorneys were required to respond to issues arising out of the Debtor's wind-down of its operations and the issues related thereto. Arent Fox attorneys also spent time reviewing and analyzing certain corporate documents to ensure that the Committee had a comprehensive understanding of the Debtor's businesses and operations.  This understanding was essential in light of the Debtor's proposed asset sales and the international component thereof.  Arent Fox gained such an understanding of the Debtor's assets and operations by efficiently reviewing the Debtor's public filings and working cooperatively with the Lenders to review other relevant non-public information.  The completion of this analysis was complicated by the fact that the Debtor has numerous foreign affiliates that also faced adverse economic circumstances including the pending insolvency proceedings in Japan. Nevertheless, Arent Fox professionals analyzed the relevant corporate documents to better assess the Debtor's proposed sales and the ramifications of those sales on the Debtor's relationship with its foreign affiliates.

---

[3]  Some of the services rendered could reasonably be categorized in more than one billing category.  Consequently, different attorneys sometimes billed their services in the same matter in different categories.  In no event were any time entries for a single task by one attorney duplicated.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

- 10 –

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

1    29.    The total fees incurred by Arent Fox in the Case Management and Operating

2    Reports category during the Interim Fee Period were $372.00 for 0.8 hours of services in this

3    category and during Final Fee Period were $1,679.00 for 4.3 hours of service in this category.

4    **B.    Sale and Disposition of Assets - 00004**

5        30.    The services performed by Arent Fox in connection with this task included review

6    and analysis of the Debtor's assets as well as prolonged and thorough analysis of the various asset

7    sales in this case and the corresponding Japanese insolvency proceedings. Arent Fox, on behalf

8    of the Committee, diligently worked with the Debtor to ensure a speedy and smooth process of

9    selling the Debtor's assets and to ensure the proper value allocation between the U.S. and

10   Japanese assets.

11       31.    The Committee was extensively involved in the various sales including attending

12   the auction, reviewing and commenting on the draft bid procedures and related sale procedures,

13   and spending time identifying issues and negotiating consensual resolutions in order to protect

14   valuable resources of the estate. Arent Fox utilized two to three professionals in participating in

15   the sale process. These professionals gained a comprehensive understanding of the subject assets

16   and attended to substantially all the matters related to the sales.

17       32.    Arent Fox regularly communicated with the Debtor regarding the proposed

18   allocation of the purchase price between the U.S. and Japanese assets. Arent Fox professionals

19   worked to ensure that the proper allocation was obtained and that inequitable value was not

20   attributed to the Japanese assets. Moreover, Arent Fox professionals actively participated in the

21   auction process, stayed apprised and kept the Committee informed of all events surrounding that

22   process while the Debtor attempted to negotiate an asset purchase agreement. Once negotiated,

23   Arent Fox reviewed and analyzed its terms to ensure that there were not provisions that would

24   hinder the Debtor's efforts to maximize value for creditors.

25       33.    Further, Arent Fox raised certain concerns regarding the proposed sales to

26   Crossing Automation and The Peer Group. These issues and concerns were tied to the Debtor's

27   proposed transfer of assets, such as inter-company receivable, that could have resulted in

28

- 11 –

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

additional estate assets to be distributed pursuant to a plan of liquidation. Arent Fox professionals reached out to the Debtor to discuss these concerns; however, the Debtor was not able to provide adequate responses prior to the noticed objection deadline. Thus, the Committee authorized and Arent Fox drafted a limited objection to both the Crossing Automation and The Peer Group sale [Docket No. 326] (the "Sale Objection"). After the filing of this limited objection, the Debtor communicated with the Committee and satisfactorily addressed its issues and concerns. Consequently, Arent Fox withdrew the limited objection and supported the sales.

34.     As a result of Arent Fox's work, the sales were supported by the Committee, approved by the Court, and completed in an expedited manner such that the estate could begin the process of winding-down its affairs and formulating a plan of liquidation that will benefit creditors. Arent Fox believes that it efficiently participated in the sales process and protected the interests of general unsecured creditors by its efforts.

35.     The total fees incurred by Arent Fox in the Sale and Disposition of Assets category during the Interim Fee Period were $24,824.00 for 46 hours of services in this category and during pendency of this case were $67,834.00 for 123.9 hours of service in this category. Of the fees incurred in this category, (i) $18,290.50 for 34.4 hours of this category was spent on issues relating to the proposed bid procedures and pre-auction marketing of the Debtor's assets; (ii) $10,160 for 17.9 hours of this category was spent on issues relating to the auction including attendance at the auction; (iii) $1,268 for 2.8 hours of this category was spent on issues relating to the post-auction events including maintaining communications with the Committee regarding the bids received on the U.S. assets versus those for the Japanese assets; (iv) $12,583.50 for 20.8 hours of this category relates to the Murata sale and the issues attendant thereto; (v) $13,356.25 for 24.8 hours of this category relates to the Crossing Automation sale and the issues attendant thereto; (vii) $10,938.25 for 19.6 hours relates to The Peer Group sale; and (viii) the remainder of fees and expenses incurred relate to miscellaneous sale matters.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

- 12 –

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Case: 09-43246    Doc# 571    Filed: 04/01/10    Entered: 04/01/10 16:17:32    Page 12 of 26

**C. Claims Administration and Objections – 00006**

36.     Time spent in this category is related to the setting of a bar date as well as the preliminary analysis of claims and research regarding claim-related issues. Arent Fox attorneys determined it was essential to keep the Committee informed regarding all claim issues and the consequences involved in the failure to file proofs of claim and, as a result, communicated and discussed the issues with the Committee. Consequently, Arent Fox provided the Committee with a memorandum detailing the bar date information and the claims process generally. Arent Fox believes that it provided invaluable information to the Committee in a very efficient manner.

37.     The total fees incurred by Arent Fox in the Claims Administration and Objections category during the Interim Fee Period were $899.00 for 2.5 hours of services in this category and during pendency of this case were $1,210.50 for 3.2 hours of service in this category.

**D. Committee and Debtor Communications, Conference – 00008**

38.     Arent Fox held regular telephonic conferences and communicated by email with the Committee regarding the status and progress of this case, pending matters, issues that the Committee was facing or would be facing, and the role of the Committee in the context of the proposed asset sales and other events in this case. Arent Fox also provided periodic updates to the Committee regarding the sales, and possible strategies to maximize the value of the Debtor's estate, and the case in general. Arent Fox also participated in many conference calls to address Committee members' questions and concerns.

39.     Arent Fox regularly updated Committee members so as to ensure that the Committee as a whole has a comprehensive understanding of the issues in the case and can make informed decisions on counsel's recommendations. Without this regular communication, the Committee and its counsel would be unable to effectively and efficiently represent the interests of the general unsecured creditors. Indeed, in communicating with the Committee and conducting meetings, Arent Fox worked to minimize the number of professionals involved without sacrificing the ability to provide effective representation. Often, these meetings and communications would result in discussions among the Committee as to overall case strategy and

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

result in clear direction to counsel, which Arent Fox professionals would then effectuate and which are described in this application.

40. The total fees incurred by Arent Fox in the Committee and Debtor Communications category during the Interim Fee Period were $2,739.50 for 5.7 hours of services in this category and during pendency of this case were $10,504.00 for 20.6 hours of service in this category.

**E. Professional Retention – 00010**

41. This category consists of time spent by Arent Fox preparing employment applications for itself and the Committee's financial advisors, supporting declaration, exhibits, and orders in connection with this case. To reduce costs, the vast majority of time devoted to this activity was billed by associates and paralegals. As part of the process, Arent Fox ran an extensive search of its conflicts database to ascertain any connections and make appropriate disclosures before this Court in an affidavit in support of retention. Throughout the Fee Period, Arent Fox took necessary steps to monitor for any connections that needed to be disclosed, including ongoing assessments for potential supplemental disclosures, and Arent Fox prepared and filed supplemental disclosures, as needed.

42. Arent Fox also reviewed and scrutinized the retention applications of all professionals to determine if an objection would be necessary. Indeed, given the potential overlap between the work performed by both AlixPartners and Houlihan Lokey, Arent Fox attorneys conferred with Debtor's counsel to ensure that any proposed orders submitted to the Court minimized such overlap and provided the necessary protections to the estates.

43. The total fees incurred by Arent Fox in the Professional Retention category during the Interim Fee Period were $527.00 for 1.6 hours of services in this category and, during pendency of this case, were $17,498.50 for 43.1 hours of service in this category.

**F. Plan and Disclosure Statement Matters and Solicitation – 00011**

44. The services performed by Arent Fox in connection with this task included the review and analysis of the Debtor's draft plan of liquidation [Docket No. 520] (the "Plan") and

- 14 –

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Case: 09-43246    Doc# 571    Filed: 04/01/10    Entered: 04/01/10 16:17:32    Page 14 of 26

related disclosure statement [Docket No. 519] (the "Disclosure Statement"). Unfortunately, the Debtor did not include the Committee or its counsel in any discussions or negotiations relating to the Plan and Disclosure Statement; rather, the Debtor provided draft documents on the eve of the filing thereof. Notwithstanding, Arent Fox, on behalf of the Committee, endeavored to review and analyze the Plan and Disclosure Statement and provide substantive comments that would better protect the rights of unsecured creditors. Indeed, Arent Fox professionals completed a mark-up of the Plan and outlined the Committee's issues with the proposed structure so as to alert Debtor's counsel to these issues prior to commencement of the confirmation process. The Committee's issues and concerns included, but were not limited to, the disparate treatment of general unsecured creditors, the failure to satisfy all allowed administrative claims on any effective date of the plan, and the effective elimination of the unsecured creditors' voice in the proposed liquidating trust. Initially, the Debtor's ignored the Committee's concerns, and as was the case with the Sale Objection, the Committee directed Arent Fox to draft and file a limited objection to confirmation [Docket No. 530] (the "Confirmation Objection").

45. As a result of these concerns and the Confirmation Objection, Arent Fox, on behalf of the Committee and all unsecured creditors, negotiated certain revisions that the Plan, which included, the explicit preservation of estate claims and causes action arising under Chapter 5 of the Bankruptcy Code for the benefit of unsecured creditors. The Committee believes that the pursuit of these claims by contingency counsel, which counsel was also arranged by Arent Fox, will provided a source of recovery for unsecured creditors that otherwise would not have been available under the Plan.

46. Arent Fox believes that it has taken reasonable steps to ensure that the rights of unsecured creditors are protected in the most important aspect of this chapter 11 case – the plan process. Arent Fox's professionals worked diligently on a very short schedule established by the Debtor to provide substantive and meaningful comments to the draft Plan and Disclosure Statement and will continue to do so in order to protect the rights of all unsecured creditors. Without the oversight and review by Arent Fox professionals, it is likely that the Debtor would

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

have attempted to push through an inadequate plan and disclosure statement to the detriment of the Debtor's creditors and the chapter 11 process.

47.     The total fees incurred by Arent Fox in the Plan and Disclosure Statement Matters and Solicitation category during the Interim Fee Period were $50,344.50 for 101.9 hours of services in this category and, during pendency of this case, were $50,344.50 for 101.9 hours of service in this category.

**G.     Cash Collateral and DIP Financing – 00012**

48.     Arent Fox spent significant time negotiating issues relating to the Final Cash Collateral Order (defined below).

49.     Immediately after the Petition Date, the Debtor filed the Emergency Motion of Debtor In Possession for Interim Order Approving Stipulation by and between Debtor and KeyBank National Association, as Agent (I) Authorizing Debtor to Use Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate Protection; (IV) Modifying Automatic Stay; and (V) Setting a Final Hearing for Approval of Stipulation [Docket No. 26] (the "Cash Collateral Motion").

50.     Prior to the organization of the Committee, the Court held an interim hearing on the Cash Collateral Motion and entered an interim order approving that motion [Docket No. 49] (the "Interim Order"). The Court scheduled a final hearing for May 18, 2009.

51.     As a result of the schedule requested by the Debtor and the Lenders, Arent Fox attorneys quickly reviewed the relevant documents and entered into negotiations with the Lenders regarding the terms of the proposed final order approving the Cash Collateral Motion. Those negotiations resulted in several substantial modifications to the proposed order; however, not all of the Committee's concerns were addressed. As a result, the Committee directed Arent Fox to draft and file an initial objection to the Cash Collateral Motion [Docket No. 115].

52.     After the filing of that objection, the parties continued negotiations and appeared at an evidentiary hearing to resolve the outstanding issues. At the conclusion of the hearing, the Court entered a final order approving the Cash Collateral Motion [Docket No. 140] (the "Final

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Cash Collateral Order"). This order, as entered, contained many of the protections sought by the Committee including an extended period in which the Committee could investigate the extent, validity and priority of the Lenders' claims and liens.

53. The total fees incurred by Arent Fox in the Cash Collateral and DIP Financing category during the Interim Fee Period were $140.00 for 0.3 hours of services in this category and during pendency of this case were $44,959.00 for 82.9 hours of service in this category. Of the fees incurred in this category, (i) $4,109.00 for 7.6 hours of service in this category relate to the need for Arent Fox professionals to analyze and review the relevant pleadings and documents submitted prior to the appointment of the Committee and retention of counsel; (ii) $12,343.50 for 23.3 hours of service in this category relate to negotiations between the Committee's professional, the Debtor's professionals and the Lenders' professionals regarding the terms of the proposed order approving the use of cash collateral; (iii) $11,054 for 22.9 hours of service in this category relate to the drafting and filing of the Committee's initial objection to the Cash Collateral Motion; (iv) $4,408.50 for 8.0 hours of service in this category involve Arent Fox professionals communicating with the Committee and other parties regarding the pending Cash Collateral Motion and issues related thereto; and (v) $13,044 for 21.1 hours of service in this category relate to the preparation for and attendance at the hearing to consider entry of the Final Cash Collateral Order.

**H.   Employee Benefits, Severance, Pensions ERISA – 00013**

54. Given the Debtor's asset sales and cessation of operations, the Debtor sought to ensure proper payment to its employees for pre-petition amounts owed. As a result, Arent Fox attorneys reviewed the motion for payment of pre-petition wages, benefit and severance obligations and recommended the Committee's support thereof. The Committee adopted this recommendation and supported the Debtor's request to protect these employees.

55. The total fees incurred by Arent Fox in the Employee Benefits, Severance, Pensions, ERISA category during the Interim Fee Period were $0 for 0.0 hours of services in this category and, during pendency of this case, were $837.00 for 1.8 hours of service in this category.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

**I.     Real Estate and Executory Contracts - 00014**

56.     The services performed by Arent Fox in connection with this task included review and analysis of the Debtor's motions to reject unexpired leases as well as the resolution of the Debtor's dispute with its landlord, Legacy Partners I Fremont, LLC ("Legacy").  Arent Fox analyzed the various motions filed in connection with these issues and advised the Committee on the relief requested by the Debtor and the economic impact thereof such as the payment of administrative rent and the establishment of rejection damages claims.  Given the impact of the dispute on the Debtor's wind-down process, Arent Fox believes it was reasonable and necessary to spend time analyzing the relevant pleadings and preparing recommendations to the Committee.

57.     The total fees incurred by Arent Fox in the Real Estate and Executory Contracts category during the Interim Fee Period were $1,906.50 for 5.0 hours of services in this category and, during pendency of this case, were $3,614.00 for 8.8 hours of service in this category.

**J.     Investigation of Secured Creditor – 00017**

58.     Arent Fox, after consultation with the Committee and as permitted under the Final Cash Collateral Order, spent numerous hours on the investigation of certain pre-petition secured creditors and their actions prior to the filing of this bankruptcy proceeding.  Arent Fox launched an extensive document production and worked to review the documents produced by the Lenders. Under the direction of the Committee, Arent Fox examined and analyzed the Credit Agreement and related documents, UCC filings, and other evidence of the Lenders' security.  In order to minimize the cost of this investigation, Arent Fox professionals worked cooperatively with the Debtor's and Lenders' counsel to obtain documents on an informal basis without Court involvement or the promulgation of formal discovery.  Indeed, Arent Fox carefully researched and considered with the Committee the potential holes in the Lenders' claims to certain collateral. This investigation of the Lenders revealed that the Lenders' claims are valid and properly perfected.

59.     The total fees incurred by Arent Fox in the Investigation of Secured Creditor category during the Interim Fee Period were $0 for 0.0 hours of services in this category and,

- 18 –

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

during pendency of this case, were $34,802.50 for 68.9 hours of service in this category. Of the fees incurred in this category, approximately (i) $10,253.50 for 20.5 hours of service related to analysis of the Lenders' security interest and any potential perfection issues arising therefrom; (ii) $10,739 for 21.4 hours of service related to preparing requests for and review of relevant documents received from the Lenders and the Debtor in connection with the Committee's investigation as well as analyzing potential causes of action arising from such documents; (iii) $8,350 for 17.1 hours of service related to legal research; and (iv) $5,460 for 9.9 hours of service related to communications with the Committee, the Debtor and the Lenders regarding the status of the investigation.

**K.      Chapter 5 Litigation, Collection and Investigation - 00019**

60.      The services performed by Arent Fox in connection with this task included a significant analysis of potential causes of action that could be brought for the benefit of the Debtor's estate and creditors. Specifically, Arent Fox professionals, at the direction of the Committee, investigated whether the Debtor's January 29, 2009, $14.5 million purchase of the remaining shares of Asyst Shinko, Inc. from Shinko Electric (the "Shinko Transaction") could be avoided as a fraudulent transfer under the Bankruptcy Code and applicable state law. In completing this analysis, Arent Fox professionals were required to examine the relevant transaction documents and conduct legal research as to the avoidability of such an allegedly contractually mandated transaction. Pursuant to Arent Fox's analysis, the Shinko Transaction could be successfully avoided as not only a fraudulent transfer but the payment could also be recoverable as a preference under the Bankruptcy Code.

61.      In addition, Arent Fox professionals also investigated potential derivative causes of action against the Debtor's officers and directors for breach of fiduciary duties in connection with the Shinko Transaction as well as certain conduct that occurred prior to the Petition Date. Indeed, Arent Fox professionals advised the Committee that there are potential colorable breach of fiduciary duty causes of action that include not only breaches arising from the Shinko Transaction but also from the Debtor's officers and directors failure to accept offers for the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

purchase of the entire company at a price above the aggregate sale price obtain in this chapter 11 case. As a result of these colorable claims, Arent Fox professionals drafted a letter to Debtor's counsel requesting that they notify the insurance carriers in advance of the expiration of the policies on or about November 14, 2009. Upon receipt of the letter, Debtor's counsel informed the Committee that the existing insurance policies were extended so as to preserve such potential claims as it will be utilized by the liquidating trustee and contingency counsel to pursue claims and causes of action that are specifically preserved for unsecured creditors under the Plan.

62. In conducting this investigation with the understanding of the need to work as efficiently as possible, Arent Fox professionals, with the consent of the Committee, worked cooperatively with the counsel to the Lenders. The discussions resulted in Arent Fox professionals obtaining additional information, such as the Debtor's pre-petition sale efforts, that allowed us to advise the Committee on the existence of these significant and colorable causes of action that, if properly pursued, would greatly benefit the Debtor's unsecured creditors. Indeed, this information obtained was without excessive discovery costs and yielded significant benefits for all unsecured creditors.

63. The total fees incurred by Arent Fox in the Chapter 5 Litigation, Collection and Investigation category during the Interim Fee Period were $52,559.00 for 107.1 hours of services in this category and, during pendency of this case, were $52,559.00 for 107.1 hours of service in this category. Of the fees incurred in this category, (i) $13,794.50 for 27.5 hours of this category was spent on issues relating to the Shinko Transaction; (ii) $19,134.00 for 41.7 hours of this category relates to the investigation of breach of fiduciary causes of action; (iii) $849.00 for 1.6 hours relates to discussions with the Lenders and their counsel; and (iv) the remainder of fees and expenses incurred relate to miscellaneous sale matters.

**F.    Fee Applications - 00022**

64. Over the course of the Fee Period, Arent Fox filed 8 monthly fee applications, prepared its own first interim fee application, assisted in the preparation of BDO's first interim fee application, and prepared a second interim fee application which was not filed due to the Plan

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

confirmation schedule (collectively, the "Interim Applications"). Preparation of the Interim Applications required Arent Fox professionals to analyze and draft extensive narratives regarding the instructions of the Committee, and the reasonableness of the fees that Arent Fox charged for work on behalf of the Committee. This process afforded Arent Fox and the Committee an opportunity to assess the procedural posture of the case and overall strategy so as to best protect the rights of unsecured creditors. Arent Fox believes that the time spent in preparing the Interim Applications and the monthly fee applications is reasonable and the fees related thereto should be allowed.

65.     In addition, Arent Fox spent a significant amount of time reviewing the fee applications of other professionals in this case, including the Debtor's counsel and financial advisors. The Committee instructed Arent Fox to carefully review such fees in light of the tight budgetary constraints of this case, and the impact of administrative fees on the Debtor's wind down. Arent Fox and the Committee had issues and concerns with respect to the fees incurred by the other professionals in this case; however, at the direction of the Committee, Arent Fox drafted only a reservation of rights with respect to the first interim fee application filed by Debtor's counsel.

66.     Total fees incurred by Arent Fox in the Fee Application category during the Interim Fee Period were $41,959.00 for 102.9 hours of services in this category and during pendency of this case were $48,980.50 for 118.2 hours of service in this category. Of the fees incurred in this category, approximately (i) $15,592.00 for 37.4 hours of this category was spent on issues relating to the First Interim Applications (approximately 9% of the total compensation requested in Arent Fox's first interim fee application; however, this amount includes not only the preparation of Arent Fox's first interim fee application but also the preparation of BDO's first interim fee application); (ii) $5,244.50 for 12.6 hours of this category was spent on issues related to the preparation of the monthly fee statements; (iii) $5,205.50 for 14.4 hours of this category was spent on issues relating to other professionals' fee applications and other miscellaneous matters; and (iv) $22,938.50 for 53.8 hours were spent on issues relating to the Second and Final

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Fee Application (approximately 6% of the total fees requested in the Final Fee Application; however, this includes time Arent Fox spent preparing a Second Interim Fee Application which was never submitted due to the Plan confirmation schedule).

**G.    Miscellaneous Matters**

67.    In addition to the foregoing matters, Arent Fox attorneys were required to attend to numerous different matters during the Fee Period. These matters include, but are not limited to, negotiating a confidentiality agreement with the Debtor to ensure that the Committee could obtain all relevant information so as to best fulfill its fiduciary duties and seeking entry of an order clarifying the Committee's obligations under Section 1102 of the Bankruptcy Code. The work undertaken within these miscellaneous matters was done to ensure that the Committee fulfilled its fiduciary duties and had a complete understanding of the various issues in this complex chapter 11 case. In the interest of brevity and the necessary but less substantial nature of the work performed in these categories, below is a summary thereof and the hours attendant thereto:

- o   Petition, Schedules and First Day Orders (00001) – $2,459.00 for 4.5 hours of services;
- o   Asset Analysis and Recovery (00005) - $1,550.00 for 3.6 hours of services;
- o   Miscellaneous Motions and Objections (00007) – $6,506.5 for 11.2 hours of services;
- o   Creditor Inquiries (00015) – $598.50 for 1.3 hour of services.
- o   Automatic Stay and Section 362 and 363 Matters (00016) – $445.00 for 1.0 hour of services;
- o   Creditor Information Sharing and 1102 Services (00024) – $6,104.00 for 18.4 hours of services;
- o   Confidentiality Agreement (00025) – $3,375.50 for 8.0 hours of services;
- o   Committee Bylaws (00026) – $623.00 for 1.4 hours of services; and
- o   Investigation of Debtor's Assets (00027) – $1,379.50 for 3.1 hours of service.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

- 22 –
UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

Case: 09-43246    Doc# 571    Filed: 04/01/10    Entered: 04/01/10 16:17:32    Page 22 of 26

68.     The total fees incurred by Arent Fox in the miscellaneous categories during the Interim Fee Period were $2,115.50 for 7.6 hours of services in these categories and, during pendency of this case, were $23,041.00 for 52.5 hours of service in these categories.

## VI.

## SUMMARY OF COSTS AND EXPENSES

69.     Arent Fox has incurred out-of-pocket disbursements during the Fee Period broken down into categories of charges itemized in Exhibit C. Each charge incurred by Arent Fox was necessary and was incurred as a direct result of Arent Fox's representation of the Committee.

70.     The requested expenses incurred during the Fee Period for a total of $4,803.97 are for postage, duplicating, database searches, Westlaw, messenger services and overnight deliveries.

## VII.

## STATUTORY BASIS FOR COMPENSATION

71.     The statutory predicates for the relief sought herein are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Federal Rule of Bankruptcy Procedure 2016. Arent Fox seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the Fee Period.

72.     Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in Section 330. Section 330(a)(1) of the Bankruptcy Code allows for the following: (A) reasonable compensation for actual, necessary services rendered by. . .[an] attorney and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses.

73.     Section 330(a)(3)(A) of the Bankruptcy Code provides that,

> [i]n determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [Title 11]; (D) whether the services were performed within a reasonable amount of

- 23 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].[4]

74.     Congress intended that bankruptcy attorneys be compensated at the market rate for comparable services in non-bankruptcy cases. *See In re Ames Dep't Stores, Inc.,* 76 F.3d 66, 71 (2d Cir. 1996) (*citing In re UNR Indus., Inc.,* 986 F.2d 207, 208–09 (7th Cir. 1993)). The policy of Section 330 is to ensure that qualified attorneys will "not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." *Ames Dep't Stores,* 76 F.3d at 72 (*citing UNR Indus.,* 986 F.2d at 210).

75.     The court's examination of the reasonableness of services rendered must be conducted in an "objective manner, based upon what services a reasonable lawyer or legal firm would have performed . . . ." *Ames Dep't Stores,* 76 F.3d at 72 (*citing In re Matter of Taxman Clothing Co.,* 49 F.3d 310, 315 (7th Cir. 1995)).

76.     Arent Fox believes that its billing rates in this chapter 11 case, which reflect Arent Fox's customary billing rates, are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered. Arent Fox's customary billing rates were disclosed in the retention papers and approved by this Court.

77.     The rates charged by Arent Fox professionals are reasonable and are consistent with customary rates charged by similar law firms. Indeed, it is submitted that the rates charged are significantly less than many firms providing similar services. If the case was not a case under the Bankruptcy Code, Arent Fox would charge and expect to receive, on a current basis, an amount at least equal to the amounts requested herein for professional services.

/ / /

/ / /

---

[4]     11 U.S.C. § 330(a)(3).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

78.     As detailed above, based on its normal guideline hourly rates and after certain voluntary write-downs, Arent Fox is seeking the interim allowance of $188,721.00 in fees incurred during the Interim Fee Period and final allowance of $357,864.00 in fees incurred during the Final Fee Period.  In addition, Arent Fox is seeking the allowance of $2,084.30 in actual, necessary costs and expenses incurred during the Interim Fee Period and $4,803.97 in actual, necessary costs and expenses incurred during the Final Fee Period.  In accordance with the factors enumerated in Section 331 of the Bankruptcy Code, Arent Fox submits that the amounts requested herein are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Arent Fox further submits that pursuant to the criteria normally examined in bankruptcy cases, and based upon the factors considered in accordance with Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the results achieved provide more than sufficient justification for approval of the compensation sought by Arent Fox.

**WHEREFORE**, Arent Fox respectfully requests that this Court enter an Order allowing (i) interim compensation to Arent Fox of **$190,805.40** representing **$188,721.00** in services rendered and **$2,084.30** in expenses incurred during the Interim Fee Period and (ii) final compensation to Arent Fox of **$362,667.97**, representing **$357,864.00** in services rendered and **$4,803.97** in expenses incurred during the Final Fee Period.

Dated:     April 1, 2010               Arent Fox LLP



                                        By: */s/ Aram Ordubegian*
                                        Aram Ordubegian
                                        Counsel for the Official Creditors
                                        Committee for Asyst Technologies, Inc.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION

<u>**CERTIFICATION**</u>

I, Jeffrey N. Rothleder, pursuant to Section 8 of the Guidelines, hereby certify that I have read the foregoing application and that to the best of my personal knowledge the compensation and reimbursement of expenses sought in the foregoing application are in conformity with the Guidelines and that the rates billed are in accordance with the rates generally charged by Arent Fox with respect to similarly situated clients.

By: _____

Jeffrey N. Rothleder.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ASYST TECHNOLOGIES, INC., DEBTOR
NYC/456399.1
GENBUS/729435.2

UNITED STATES BAKRUPTCY
COURT NORTHER DISTRICT
OAKLAND DIVISION

ARENT FOX SECOND INTERIM AND
FINAL FEE APPLICATION